IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| AURELIO MONTANO,<br><br>                Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., LESLIE WILKING, and MARLENE HENZE,<br><br>                Defendants. | Case No. 1:21-cv-06867<br><br>Judge Andrea R. Wood |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY**

Plaintiff Aurelio Montano, through counsel, respectfully submits this Reply in support of his Motion to Compel Discovery ("Motion") (ECF No. 96) and in response to Defendant Wexford Health Sources, Inc.'s ("Wexford") Response in Opposition to Plaintiff's Motion to Compel ("Opposition"),[1] filed on January 28, 2025. (ECF No. 101).

**I.    INTRODUCTION**

Mr. Montano's Motion seeks to compel three specific forms of discovery from Wexford. In opposition, Wexford did not respond specifically to each of the three areas of deficiency; instead, it raised general rhetorical arguments, which do not provide justification for Wexford's continued discovery deficiencies. Wexford provided no legitimate grounds for failing to respond to Mr. Montano's Interrogatories, failing to permit the properly noticed deposition of a corporate representative, or failing to produce relevant materials. These discovery deficiencies have been outstanding for months.

---

[1] Wexford's Opposition is titled, "Reply Brief In Support of Motion to Dismiss," but Plaintiff assumes this was done in error.

1

After filing its Opposition, on February 3, one day before the deadline for this reply brief, five weeks after the Motion went on file, counsel for Wexford filed a letter regarding its deficient discovery responses (the "February 3 letter"). (ECF No. 102). This letter is a half-hearted attempt to resolve the three discovery concerns Mr. Montano has repeatedly raised over the last seven months and in his Motion to compel. *First*, Wexford, for the very first time, provided its answers to Mr. Montano's interrogatories. Instead of providing substantive answers, however, Wexford simply objected, referenced documents produced by third parties, and otherwise relied on information already provided through depositions. *Second*, Wexford purported to finally agree to provide a corporate representative for a deposition. Nevertheless, Wexford unilaterally narrowed several topics and refused to sit for others. *Third*, Wexford reiterated its willingness to provide a copy of its table of contents for the Medical Guidelines, Provider Handbook, and Utilization Management Guidelines, in lieu of providing the requested guidelines and handbook. Though Mr. Montano acknowledges Wexford's last-ditch effort to finally respond to the outstanding discovery, these efforts are long overdue and do not address Mr. Montano's concerns. To date, Wexford has not complied with its discovery obligations, and Mr. Montano's Motion remains ripe for adjudication.[2]

## II. ARGUMENT

### A. Wexford's objections to Mr. Montano's interrogatories are untimely and therefore waived.

The dispute here could not be more straightforward—Wexford had an obligation to provide a response to Mr. Montano's first set of interrogatories, and Wexford did not provide *any* response within the 30-day required timeframe or during the entire course of fact discovery. (ECF No. 96

---

[2] Plaintiff intends to respond to Wexford's February 3 correspondence in a timely manner. Should the parties resolve any dispute before the February 14 deadline, they will promptly notify the Court as such.

at 2, 5). As established in Mr. Montano's Motion, he properly issued interrogatories (*see Id.*; *see also* ECF No. 96-2), and under Federal Rule of Civil Procedure 33, Wexford had an obligation to respond to those interrogatories. Wexford ignored this obligation without justification, forcing Mr. Montano to file a Motion to compel before the close of fact discovery. Now, after briefing on this issue has already commenced and fact discovery has closed, Wexford served objections and responses to Mr. Montano's interrogatories on February 3, 2025—seven months late.

Despite Wexford's attempts, its late interrogatory responses are not enough. Wexford's interrogatory responses each contain a number of objections, all of which have been waived. As established in Mr. Montano's Motion, the objecting party bears the burden of demonstrating why a particular discovery request is improper. *Alloc, Inc. v. Unilin Beheer B.V.*, 03-C-1266, 2006 WL 757871, at *2 (E.D. Wis. Mar. 24, 2006). "Any ground not stated in a **timely objection** is waived unless the court, for good cause, excuses the failure." *Bresnahan v. City of Chicago*, 18 C 1974, 2020 WL 4336069 at *4 (N.D. Ill. July 28, 2020), quoting Fed. R. Civ. P. 33(b)(4) (emphasis added). Here, not only were Wexford's interrogatory responses not served within 30 days, but they were also served seven months late and after the close of discovery. In its Opposition, Wexford does not provide any justification for failing to respond to the interrogatories during discovery, nor does Wexford challenge the well-established rule that objections are waived when not timely made. As such, it is beyond dispute that Wexford has lost its right to object to Mr. Montano's interrogatories. Wexford must now be directed by this Court to serve its interrogatory responses with fulsome answers and without objection within 7 business days.

   **B.**  **Wexford's objections to the corporate representative deposition topics are untimely and therefore waived.**

Wexford, a named party in this matter, refused to offer a single corporate representative for deposition—a blatant violation of its discovery obligations. *Adair v. Hunt Int'l Res. Corp.*, 79

3

C 4206, 1987 WL 10961 at *1 (N.D. Ill. May 13, 1987) (holding that it is long-established that a named defendant must comply with a proper notice of deposition). Mr. Montano established, and Wexford did not contest, that he properly noticed a single 30(b)(6) deposition for a corporate representative of Wexford. (ECF No. 96 at 3, 5-6). In response, Wexford simply refused to provide a witness for deposition, and *never* discussed or objected to the topics for examination in the deposition notice, nor file a motion for a protective order. Then, on February 3, Wexford suddenly agreed to a corporate representative deposition but objected to every topic for examination set for in the deposition notice. (ECF No. 102).

Wexford's objections to the 30(b)(6) topics are untimely. Courts in this circuit agree that the proper procedure for objecting to topics for examination in a notice for a corporate representative deposition is to file a Motion for a protective order. *Zeikos Inc. v. Walgreen Co.*, 2024 WL 4836071, at *2 (N.D. Ill. Nov. 20, 2024) ("when a party finds deposition topics objectionable, seeking a protective order under Rule 26(c) is the proper method of obtaining protection from Rule 30(b)(6)'s requirement that the organization designate a witness to testify as to the noticed topics") (quoting *Veroblue Farms USA Inc. v. Wulf*, 2022 WL 1644442, at *5 (N.D. Tex. May 23, 2022)); *Slabaugh v. LG Electronics USA, Inc.*, 2015 WL 500949, at *4 (S.D. Ind. Feb. 3, 2015) (finding that defendants' failure to appear at a deposition was not proper despite their repeated notices to plaintiff that they believed the noticed topics were irrelevant because the applicable rule is "clear that unless the party failing to act has a pending Motion for protective order, the party's failure ... is not excused"). When parties do not properly move for a protective order in response to a 30(b)(6) deposition notice, courts deem objections waived. *See Zeikos*, 2024 WL 4836071, at *2 (where plaintiff did not file a protective order, the court found that that plaintiff "has waived these objections as to the new Rule 30(b)(6) witness it must present").

4

Here, Wexford failed to offer any timely response to Mr. Montano's 30(b)(6) deposition notice, as issued on June 21, 2024, never raised its objections to the topics for examination in a meet and confer with Mr. Montano, and never moved for a protective order. Instead, after Mr. Montano filed this Motion and fact discovery closed, Wexford provided objections but still did not follow proper procedure by filing a Motion for protective order. (*See* ECF No. 102). It would only further prejudice Mr. Montano if he were forced to proceed with the 30(b)(6) deposition on an extremely narrow set of topics because of Wexford's previously-waived objections. As such, Mr. Montano respectfully asks that this Court compel Wexford to provide a corporate representative for deposition within 30 days and find that Wexford's objections to the 30(b)(6) topics for examination are waived.

  **C.** **Wexford refuses to produce its practice guidelines, which are facially relevant and discoverable in this *Monell* matter about Wexford medical practitioners' actions.**

Mr. Montano seeks copies of Wexford's "policies, procedures, guidelines, or directives" that governed the actions of medical providers who treated Mr. Montano in relation to the incident of violence at Stateville Correctional Center that spurred the instant Complaint. (*See* ECF No. 96-2 (Interrogatory No. 3)). Wexford has discussed its "practice guidelines" as a set of directives used by medical practitioners when treating patients such as Mr. Montano. (ECF No. 101 at 12). In its February 3 letter, Wexford stated, as it did during discovery, that it would only be willing to produce the table of contents for its Medical Guidelines, Provider Handbook, and Utilization Management Guidelines, and then Mr. Montano must determine from the table of contents what sections are relevant for further production. (ECF No. 102).

This "compromise" offered by Wexford is insufficient. Instead of producing the policies in full or producing what Wexford believes to be relevant to this matter, Wexford is asking Mr. Montano to make decisions about relevance based on his limited knowledge of Wexford's policies

5

and table of contents that contain no substance.[3] If Mr. Montano were asked to make a determination of what portions of the policies were relevant without seeing any of the policies, he would functionally be guessing. This is not how discovery is conducted in this Circuit.

Mr. Montano is an imprisoned man litigating the harms that he experienced as a result of violence in prison and related medical care, who has no alternate avenue to access Wexford's medical provider policies. Wexford, a large corporation with prison contracts in many states and its name on many dockets in Illinois, would merely have to produce electronic documents, the same ones likely produced in many other *Monell*-type claims that involve policies and procedures. Wexford has not provided a cogent explanation as to why it would be burdensome for it to conduct a brief relevance review of its policies and make a production based on that review. Without any argument as to burden, coupled with the fact that the policies are relevant to the operative complaint (see ECF No. 96 at 5-6) and Mr. Montano's theories in this case, the request is plainly proportional to the needs of this case. Wexford should be compelled to produce its policies and guidelines.

### D. Mr. Montano is entitled to attorney's fees.

Wexford's actions during the course of fact discovery, punctuated by the February 3 letter, warrant a grant of attorney's fees to Mr. Montano for being forced to bring this Motion. Where a party conducts discovery in bad faith, the imposition of attorney's fees and costs is warranted. *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016); *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.,* 271 F.R.D. 487, 503 (N.D. Ind. 2010) (awarding attorney's fees where party failed to produce documents, withheld information, and imposed their own narrow interpretation of discovery requests).

---

[3] This is emphasized by the fact that Mr. Montano's Second Amended Complaint pleads on information and belief with regard to Wexford's policies. (*See* ECF No. 24 at ¶ 16).

Wexford withheld interrogatory responses and documents and prevented a deposition of a corporate party during discovery. As a result, Mr. Montano was forced to file a Motion to Compel before the close of fact discovery. Wexford then provided interrogatory responses and agreed to a 30(b)(6) deposition on February 3, 2025, the day before the deadline for filing this reply, as a feeble attempt to moot this Motion. Counsel for Mr. Montano spent a number of hours attempting to obtain discovery from Wexford over a seven-month period and expended resources preparing the briefing for this Motion. Wexford acted in bad faith and its actions must have consequences.

### III. CONCLUSION

Mr. Montano respectfully requests that this Court order Wexford to (1) provide revised responses to Mr. Montano's interrogatories, without objections, within 7 business days, (2) make its designated corporate representative available for oral deposition on all of the topics provided in the 30(b)(6) notice within 30 days, (3) produce all relevant Wexford policies and guidelines within 7 business days, and (4) pay Mr. Montano's reasonable expenses incurred in bringing this Motion, including attorneys' fees.

DATED: February 4, 2025

AURELIO MONTANO,

By   /s/ J. Erik Connolly
    One of His Attorneys

J. Erik Connolly
Meghan Golden
Olivia Sullivan
Samantha Roth
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF
71 S Wacker Dr, Suite 1600
Chicago, IL 60606
(312) 212-4949
econnolly@beneschlaw.com
mgolden@beneschlaw.com
osullivan@beneschlaw.com
sroth@beneschlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2025, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system.

*/s/ Meghan Golden*
Meghan Golden