IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AURELIO MONTANO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEXFORD HEALTH SERVICES, INC., )<br>et al., )<br>)<br>Defendants. ) | No. 21-cv-06867<br><br>Judge Andrea R. Wood |

## ORDER

Defendant Wexford Health Services, Inc.'s motion to dismiss [49] is granted. The claims against Wexford in the Second Amended Complaint are dismissed. See the accompanying Statement for details.

## STATEMENT

Plaintiff Aurelio Montano, formerly an inmate at Stateville Correctional Center ("Stateville"), has brought this action pursuant to 42 U.S.C. § 1983 against Defendant Wexford Health Sources, Inc. ("Wexford"), the private healthcare provider with which the Illinois Department of Corrections has contracted to serve its inmates. In his Second Amended Complaint ("SAC"), which is the operative complaint, Montano alleges that he was the victim of an attack by another inmate while housed at Stateville on June 11, 2020, and suffered serious injuries. He claims that the Wexford employees who treated him—Nurse Leslie Wilking and Dr. Marlena Henze—failed to provide him with timely and adequate medical treatment in violation of his rights under the Eighth Amendment. In addition to suing Wilking and Henze, Montano also seeks to hold Wexford liable for the alleged violation of his constitutional rights.

Wexford has filed a motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Here, the SAC falls well short of stating a plausible claim against Wexford.

To begin, to the extent Montano attempts to hold Wexford vicariously liable for the actions of its employees, his claim necessarily fails: the law of this Circuit is clear that there is no

*respondeat superior* liability under § 1983. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014). Instead, to determine whether a private corporation acting under color of law, as opposed to its employees, is responsible for the alleged constitutional deprivation, courts use the test for municipal liability set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See, e.g.*, *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

To establish *Monell* liability, a plaintiff must show that the constitutional violation was caused by an unconstitutional policy, custom, or practice of the corporation itself. *Shields*, 746 F.3d at 789. The Seventh Circuit has identified "three types of actions" that can give rise to municipal liability under *Monell*: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021) (internal quotation marks omitted); *see also Thomas v. Martija*, 991 F.3d 763, 773 (7th Cir. 2021). Additionally, a single constitutional violation is generally insufficient to establish *Monell* liability, unless the plaintiff can show that the alleged incident was part of a larger pattern of conduct. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 617 (7th Cir. 2022).

Montano attempts to hold Wexford liable via his claim against Dr. Henze, Stateville's medical director. However, Montano's sole allegation against Dr. Henze is that she failed to follow Wexford's existing policy by treating him one day later than required—providing care on the sixth day after his return from the hospital instead of the fifth. (SAC ¶ 16, Dkt. No. 24.) Montano does not allege that Wexford maintained a formal policy instructing medical staff to delay or deny treatment. Nor does he plead facts tending to show a widespread custom or practice of denying medical care. Instead, Montano asserts that Dr. Henze acted as a final policymaker for Wexford.

But a medical director's discretionary decisions regarding individual patient care do not equate to final policymaking authority for a corporate entity. *See Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016) (finding that even when a medical director has the final say over a prisoner's treatment plan, that alone does not render them a final policymaker under *Monell*). A final policymaker under *Monell* is someone with the authority to establish binding corporate policy, not merely exercise discretion in medical decisions. *Valentino v. Vill. of South Chicago Heights*, 575 F.3d 664, 675 (7th Cir. 2009). Moreover, Montano's own allegations contradict his *Monell* claim. If the individual Defendants failed to follow Wexford's policy, then his alleged injury was not caused by Wexford's policy. Because Montano fails to plead a policy, practice, or final policymaker capable of binding Wexford, his attempt to impose *Monell* liability is misplaced.

Accordingly, Wexford's motion to dismiss is granted.

Dated: March 31, 2025

_____
Andrea R. Wood
United States District Judge